**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER, | : | HABEAS CORPUS |
| GDC No. 901373, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | CIVIL ACTION NOS. |
|     v. | : | 1:11-CV-1711-RWS |
| | : | 1:11-CV-3580-RWS |
| NEIL WARREN, Sheriff, | : | 1:12-CV-1141-RWS |
|     Respondent. | : | 1:12-CV-2605-RWS |

_____          _____

| | | |
|---|---|---|
| WASEEM DAKER, | : | HABEAS CORPUS |
| GDC No. 901373, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:12-CV-1319-RWS |
| | : | |
| UNNAMED RESPONDENT, | : | |
|     Respondent. | : | |

## ORDER

Waseem Daker filed the five habeas corpus cases listed in the caption while in jail, awaiting a state court trial for murder and related crimes. After Daker was convicted and sentenced, Magistrate Judge E. Clayton Scofield III filed a Final Report and Recommendation ("Final R&R") recommending that these cases be dismissed without prejudice. Daker objected. After *de novo* consideration of the issues to which Daker objected, and as supplemented below, the Final R&R will be approved and adopted as the Order of this Court.

While incarcerated, Daker has been the plaintiff, petitioner, or appellant in over fifty cases filed in federal district and circuit court. *See* www.pacer.gov (searched for "Daker, Waseem"; last viewed March 22, 2013).[1]  Daker's habeas petitions in the five cases listed in the caption – all filed while he was in pre-trial detention and all relating to the same state criminal proceeding – list fifty-two separately-numbered grounds for relief. *See* [-1711 Doc. 14-1 (amended petition); -1141 Doc. 1; -3580 Doc. 1; -1319 Doc. 1; -2605 Doc. 1].[2]

---

[1]  Daker has also filed an extraordinary number of motions to recuse, for reconsideration, and for mandamus. *See, e.g.*, *Daker v. Warren*, No. 1:10-CV-3815-RWS (N.D. Ga. Nov. 18, 2010) [Docs. 20, 27, 43, 68 (recusal); Docs. 45, 49, 50, 52, 53, 64 (reconsideration, including "Fifth Supplemental Rule 59(e) Motion to Vacate Judgment"); Doc. Nos. 30, 33, 34, 61, 71 (mandamus)]; *Daker v. Warren*, No. 12-13644 (11th Cir. July 12, 2012) (motion for reconsideration of circuit judge order).

[2]  There is considerable overlap in Daker's grounds for relief.  For example, Grounds One through Three in Daker's -1141 petition are identical to Grounds One through Three in his -1711 petition.  Many other grounds for relief restate, with minor variations, earlier filed grounds for relief.  And all of Daker's grounds for relief in his -1319 petition duplicate clams he raised in other petitions.  Indeed, Daker first submitted his -1319 petition not to this Court, but directly to the Eleventh Circuit in an unsuccessful forum-shopping effort.  Moreover, a number of Daker's grounds for relief in his -2605 petition overlap with grounds that were previously considered and denied in *Daker v. Warren*, No. 1:10-CV-3815-RWS (N.D. Ga. Nov. 18, 2010), as to which Daker has already been denied a certificate of appealability in *Daker v.  Warren*, No. 12-13644 (11th Cir. July 12, 2012), because those grounds are not reasonably debatable.

2

As Daker himself reports in his petitions:  in 1996, he was convicted by a Cobb County jury on two counts of aggravated stalking [-1711 Doc. 14-1 at 3]; he served two consecutive five-year terms and was released in 2005 [*id.*]; in 2010, he was indicted for malice murder, felony murder (four counts), burglary with intent to commit aggravated assault, burglary with intent to commit aggravated stalking, false imprisonment, aggravated assault, aggravated burglary, and criminal attempt to commit aggravated stalking [-1141 Doc. 1 at 3]; and, pending trial, Daker was held without bond [-2605 Doc. 1 at 2].

After it was widely reported in the national and local media that Daker was convicted on all counts in the 2010 indictment, including murder, *see, e.g.*, http://abcnews.go.com/US/waseem-daker-trial-georgia-man-found-guilty-murdering/story?id=17350051 (last viewed Mar. 22, 2013); http://www.ajc.com/news/news/crime-law/daker-sentenced-to-life-plus-47-years-in-flight-at/nSQpj/ (last viewed Mar. 28, 2013), Magistrate Judge Scofield ordered Daker to file either (A) a copy of the jury verdict and judgment or (B) an affidavit averring that no verdict had yet been entered. *See, e.g.*, [-1711 Doc. 26].  Magistrate Judge Scofield also (A) ordered Daker to show cause within fourteen days why the habeas cases listed in the caption should not be dismissed as moot, and (B) advised Daker specifically that "failure to comply

3

with the terms of th[e] Order [might] result in the dismissal of these cases." [*Id.* at 2 (citing LR 41.3A(2), NDGa.)].  Copies of the Order were mailed to Daker at both the Cobb County Adult Detention Center (where he had been held in pretrial detention) and the Georgia Diagnostic and Classification Prison (which is where he advised the Court he had been transferred).  *See* [Unnumbered Dkt. Entries dated October 11, 2012, and October 29, 2012].

To date, Daker has filed neither a copy of the verdict and judgment, nor submitted an affidavit, regarding the state criminal trial.  For this reason alone – because Daker has willfully disobeyed a lawful court order – each of the five cases listed in the caption is subject to dismissal without prejudice.  *See* LR 41.3A(2), NDGa.  Moreover, because Daker's pretrial habeas petitions have been mooted by his state court convictions and sentence, they are subject to dismissal for that reason as well.

"It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely when a complaint is filed." *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (per curiam) (internal quotation marks omitted).  A case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. SEIU, Local 100*, 132 S. Ct.

4

2277, 2287 (2012) (internal quotation marks omitted).  Consequently, circuit courts have recognized that in virtually all instances "claims for federal habeas relief for pretrial issues are mooted by [a prisoner's] subsequent conviction." *See Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (citing cases); *see also Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) ("Given the limited focus of typical pretrial custody petitions under § 2241 . . . , such petitions become moot upon the conviction of the petitioner.").  In the same vein, the Supreme Court has held that an action under 42 U.S.C. § 1983 challenging the denial of bail filed before a state criminal trial becomes moot if the plaintiff is convicted. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) ("constitutional claim to pretrial bail became moot following . . . convictions in state court").

In his five habeas petitions, the only specific relief that Daker requested was that this Court:  (1) "issue an Order staying state court proceedings pending final disposition of Petitioner's federal habeas corpus claims" [-1711 Doc. 14-1 at 34; *see also* -1319 Doc. 1 at 12 (same)]; and (2) "Order Petitioner released from custody on a reasonable bond . . . [and] reasonable conditions" [-3580 Doc. 1 at 10; *see also*   -

5

2605 Doc. No. 1 at 21 (same)].[3]  Because Daker's state criminal trial has been

concluded – and Daker has been convicted – neither of those requests for relief can

now be granted; the state criminal proceeding cannot be stayed, and Daker cannot be

admitted to pretrial bail.  Thus, Daker's specific requests for relief are moot.

In his objections to the Final R&R, Daker first quibbles with Magistrate Judge

Scofield's mention of news reports regarding the state criminal trial.  *See, e.g.*, [-1711

Doc. 32 at 2].  Of course, as noted above, Daker has refused to comply with

Magistrate Judge Scofield's Order that he either provide a copy of the verdict and

judgment in that case or submit an affidavit averring that no verdict has been entered.

Even in the absence of compliance by Daker with Magistrate Judge Scofield's Order,

however, this Court may take judicial notice of Daker's conviction.  *Cf. Cunningham

v. Dist. Atty's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010) ("we also take judicial

notice of the state and federal court proceedings in which Cunningham was

convicted").  The Georgia Department of Corrections' web site confirms that Daker

has been convicted, *see* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/

---

[3]   Daker also filed separate motions demanding that the state criminal
proceedings be stayed. *See, e.g.*, [-1711 Docs. 11, 13, 18, 19]. And Daker sought,
unsuccessfully, in a separate case to remove the state criminal proceeding to this
Court. *See Georgia v. Daker*, No. 1:12-CV-572-RWS (N.D. Ga. Feb. 22, 2012).

6

OffQryForm.jsp (searched for "Daker, Waseem'" last viewed March 22, 2013),  and this Court may take judicial notice of information published there, *see, e.g., Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009).

Daker next objects to the determination that his habeas claims are moot.  As a preliminary matter, it is worth noting that Daker himself earlier acknowledged that if the state trial were to be  concluded before his habeas petitions were to be decided, his petitions would become moot.  *See, e.g.*, [-1319 Doc. 1-1 at 5 ("please submit the emergency application for stay to a judge of the court A.S.A.P. for prompt consideration *so it does not become moot*.") (emphasis added)].   Perhaps for that reason, his objection is cursory and consists of a single sentence.  *See, e.g.*, [-1711 Doc. 32 at 2].  Daker's objection states only:  "A pretrial § 2241 petition, valid at the time of filing, does not become moot if the Petitioner is later convicted in state court before the federal court decides the petition."  *Id.*  As noted above, this is not generally true.  *See Yohey*, 985 F.2d at 228-29; *Miller,* 331 F. App'x at 610; *see also Murphy*, 455 U.S. at 481.

The Court has reviewed the two cases that Daker cites in support of his objection.  Neither stands for the broad principle for which he cites them; rather, each illustrates that in the unusual circumstance where a § 2241 petition filed before trial

7

states a double jeopardy claim *and* the petitioner would, if such claim were granted even after the state trial was concluded, "be released unconditionally, and without the blot of a criminal record," *Reimnitz v. State's Attorney*, 761 F.2d 405, 410 (7th Cir. 1985), then that particular pretrial double jeopardy claim is not mooted by the petitioner's subsequent conviction.

Nothing in Daker's one-sentence objection suggests that any of his five habeas petitions presents such an extraordinary circumstance. Nor, even liberally construed, do any of Daker's five petitions request as relief that Georgia be prohibited from trying him altogether because all of the counts in the 2010 indictment are barred on double jeopardy grounds.[4] Daker's cases are simply not among the exceptional group in which pretrial claims for habeas relief are not mooted by the petitioners' subsequent convictions.

---

[4] Nor could Daker make such an argument, as only a handful of his fifty-two grounds for relief mention double jeopardy, and none challenges his indictments for malice murder and felony murder on double jeopardy grounds. *See* [-1711 Doc. 14-1 (Grounds Seventeen to Nineteen & Twenty-Three); -3580 Doc. 1 (Ground Seven); -1319 Doc. 1 (Ground Five)]. In short, even if Daker had specifically sought federal habeas relief that excised some of the counts of the indictment against him on double jeopardy grounds – which he did not do – he would not "be released unconditionally" and he would not escape "the blot of a criminal record" because he would still stand convicted of murder.

8

Daker's other objections have no bearing on the determinations made above that these cases should be dismissed without prejudice because (A) Daker has refused to comply with a lawful court order and (B) his pretrial habeas claims have been mooted by his subsequent conviction.  Thus, extended discussion of those objections is not required.

Having considered *de novo* each issue as to which Daker raised objections, *see* 28 U.S.C. § 636(b)(1), the Court **APPROVES** and **ADOPTS**, as supplemented herein, the Final R&R as the Order of the Court.  Each of the cases listed in the caption is **DISMISSED WITHOUT PREJUDICE**.

Daker is **DENIED** a certificate of appealability.

Each of the motions that Daker filed after submitting his objections is **DENIED**.  *See* [-1711 Docs. 33, 34; -3580 Docs. 28, 30; -1141 Docs. 18, 19; -1319 Docs. 14, 15; -2605 Docs. 14, 15].

Daker may obtain copies of docket reports and additional copies of Orders that were previously mailed to him by corresponding directly with the Clerk of Court and paying applicable copy fees.

9

Daker is reminded that motions for reconsideration should "not be filed as a matter of routine practice." LR 7.2E, NDGa.[5]

**SO ORDERED**, this  28th  day of March, 2013.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[5] *See* n.1 *supra*.

10