# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION NOS. |
|  | : | 1:11-CV-1711-RWS |
|  | : | 1:11-CV-3580-RWS |
|  | : | 1:12-CV-118-RWS |
|  | : | 1:12-CV-119-RWS |
| IN RE: WASEEM DAKER | : | 1:12-CV-1141-RWS |
|  | : | 1:12-CV-1319-RWS |
|  | : | 1:12-CV-2605-RWS |
|  | : | 1:12-CV-2782-RWS |
|  | : | 1:13-CV-1554-RWS |
|  | : | 1:13-CV-3053-RWS |

## ORDER

The ten cases listed in the caption are before the Court on more than thirty motions and objections to Final Reports and Recommendations filed by state inmate, Waseem Daker. The Court has carefully reviewed and considered each of Daker's filings and is now prepared to rule on each of them. Because these filings constitute only a small fraction of the more than one thousand submissions Daker has made in *seventy-one* civil cases and appeals in the Northern District of Georgia, the Middle District of Georgia, the Southern District of Georgia, the Central District of California, the United States Court of Appeals for the Eleventh Circuit, and the United State Court of Appeals for the Ninth Circuit, *see* Appendix A, the Court first summarizes Daker's criminal and litigation history.

# I.     Waseem Daker's Criminal and Litigation History[1]

## A.     Daker's Criminal Convictions

In 1996, Daker was convicted by a Cobb County jury on two counts of aggravated stalking. *See* 11-CV-1711 [14-1] at 3. Daker served two consecutive five-year terms and was released in 2005. *Id.*

In 2010, Daker was indicted for malice murder, felony murder (four counts), burglary with intent to commit aggravated assault, burglary with intent to commit aggravated stalking, false imprisonment, aggravated assault, aggravated burglary, and criminal attempt to commit aggravated stalking. *See* 12-CV-1141 [1] at 3. Pending trial, Daker was held without bond. *See* 12-CV-2605 [1] at 2. After electing to terminate his court-appointed lawyers and represent himself at trial, Daker was convicted on all counts. Daker is now serving a life sentence.

---

[1] In Part I, the CM/ECF numbers in brackets refer to docket entries in the case indicated by the preceding case number, abbreviated in the format "##-CV-####." For example, "11-CV-1711 [14-1] at 3," refers to page number 3 of CM/ECF document 14-1 in *Daker v. Warren*, No. 1:11-CV-1711-RWS (N.D. Ga. 2011). Unless explicitly noted, the case numbers refer to cases filed in the Northern District of Georgia.

### B.   Daker's Pro Se Litigation History

Beginning in 1999–while he was serving sentences for aggravated stalking–Daker began filing numerous civil rights complaints and habeas corpus petitions in this Court and others. *See* Appendix A. After Daker was released from prison in 2005, there was a brief hiatus in his filings. *See id.* However, in 2010, when Daker was arrested and held on murder and related charges, he again began to file numerous civil rights and habeas actions. *See id.*

As noted above, Daker has initiated or been involved in *seventy-one* civil cases and appeals in the Northern District of Georgia, the Middle District of Georgia, the Southern District of Georgia, the Central District of California, the Eleventh Circuit, and the Ninth Circuit through June 4, 2014. *See id.*

Despite the volume of his litigation, Daker has won virtually nothing. Insofar as appears from the dockets in each of his cases, Daker has been awarded just $2 in monetary damages. *See* 00-CV-1065 [90].[2] Indeed, since then, the only additional relief of any sort that Daker appears to have ultimately been awarded in any case was

---

[2] The costs awarded to Daker in that case–approximately $710, *see* 00-CV-1065 [90]–have been dwarfed by the costs awarded against him in other cases, *see, e.g.*, 03-CV-2481 [299] (awarding $1474 in costs to defendants); 03-CV-2526 [127] (awarding costs to defendants).

short-lived injunctive relief with respect to "weekly Ta'lim services." *See* 01-CV-3257 [280] (reciting the history of that case in which all of Daker's other claims had been dismissed or denied and injunctive relief had expired).

In the cases that Daker has filed since 2001, he appears to have won no ultimate relief. Rather, it appears that all of his claims have been: (1) dismissed voluntarily, *see, e.g.*, 02-CV-1361 [41]; (2) dismissed involuntarily, *see, e.g.*, 06-CV-54 [23]; (3) denied on summary judgment, *see, e.g.*, 03-CV-2526 [126]; or (4) in the one additional instance he reached a jury, rejected, *see, e.g.*, 03-CV-2481 [293]. Daker's appeals have been similarly fruitless, with those that have been fully-adjudicated generally having ended in dismissal either (1) because the circuit court deemed them frivolous, *see, e.g., In re Daker*, No. 11-11937 (11th Cir.); *In re Daker*, No. 12-12072 (11th Cir.); *In re Daker*, No. 12-14369 (11th Cir.); *Daker v. Warren*, 13-11630 (11th Cir.); or (2) for want of prosecution, *see, e.g., In re Daker*, No. 12-12073 (11th Cir.); *Georgia v. Daker*, No. 12-12519 (11th Cir.); *Daker v. Comm'r*, No. 13-13398 (11th Cir.)

## C.   Daker and 28 U.S.C. § 1915(g):  "Three Strikes"

In light of Daker's litigation history, the Eleventh Circuit "has determined that the 'three strikes' provision of the Prison Litigation Reform Act of 1995[, codified

4

at 28 U.S.C. § 1915(g)], is applicable to" him. *See, e.g.*, Letter dated May 29, 2014, in *Daker v. Comm'r*, No. 14-12139 (11th Cir. 2014); Letter dated April 18, 2014, in *Daker' v. Comm'r*, No. 14-11571 (11th Cir. 2014) (same).    This determination followed the entry of a Final Report and Recommendation in this Court recommending that Daker be determined to have accumulated "three strikes," *see* 13-CV-3053 [5] at 1-2 (listing six strikes), and a finding by the Middle District of Georgia that Daker had accumulated three or more strikes, *see Daker v. Owens*, No. 5:12-CV-459-CAR (M.D. Ga. Mar. 21, 2014) [134].

Consequently, in any new case where Daker does not adequately allege that he is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies . . . leave to proceed *in forma pauperis*." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).    Daker "cannot simply pay the filing fee after being denied *in forma pauperis* status.  He must pay the filing fee at the time he *initiates* suit." *Id.* (emphasis in original).

### D.    Daker's "Indigence"

Furthermore, it has become clear over time that Daker is not entitled in any event to proceed *in forma pauperis* ("IFP") because he is not indigent.  Rather, it

5

appears that Daker has repeatedly abused the judicial process by filing IFP affidavits that conceal and/or misstate his true assets and income.

Gwinnett County tax records indicate that Daker owns a home that has a market value of over $398,000 and that, despite his incarceration, Daker has remained current on tax payments, including through a payment of $6,084.36 on September 14, 2013. *See* http://gwinnetttaxcommissioner.manatron.com/Tabs/ViewPayYourTaxes/AccountDetail/BillDetail.aspx?p=R7056%20404&a=33237684&b=21949900&y=2013# (last viewed June 4, 2014) (attached as Exhibit B). Despite Daker's recent unsubstantiated protestations that his house is now worth less than its $345,000 mortgage–a debt he self-reported, but has not documented–,[3] Daker has plainly found it worthwhile to maintain his ownership of that home. And, despite his claim of indigence, Daker has plainly found the income or assets with which to make timely tax payments.

Moreover, Daker has acknowledged that he has permitted family members to live in his house while he is incarcerated. *See, e.g.*, 10-CV-2084 [2] ("The following persons live in my house: my father, Anas Daker, my mother, Amal Daker, and my

---

[3] Daker did not claim that his home was worth less than he had paid for it in 2009 until this Court denied one of his requests for IFP status in light of the $50,000 in home equity that he had disclosed. *See, e.g.*, 12-CV-2782 [7] at 2.

brother, Jameh Daker.")   Whether those family members are paying rent or other consideration or whether their residence in the house simply precludes Daker from generating income from paying renters, there is plainly a substantial income stream associated with the house that Daker is either not disclosing or voluntarily electing to forego in order to claim indigence.

Furthermore, other substantial assets that Daker has disclosed in past IFP affidavits, including, for example, "a car that is paid off in full," 11-CV-1401 [2] at 2, have vanished without explanation from Daker's subsequent disclosures of assets, even as he continues to claim that he has "had no income" since January 10, 2010, *Daker v. Motokwa*, No. 14-55653 (9th Cir. 2014) [IFP Affidavit filed on May 19, 2014, Item 11]. And Daker has stated that he granted a power of attorney to a relative to handle his financial affairs outside of prison so that "said information" would not be subject to "monitoring" by prison officials, 12-CV-119 [3], without ever disclosing the nature of and value of the assets that he is permitting others to manage on his behalf.

As noted above, this information, which has been revealed only in bits and pieces over time, unmistakably indicates that Daker has abused the judicial process

by filing IFP affidavits that conceal and/or misstate his real assets and income. Consequently, Daker is not eligible to proceed IFP.

### E.   **Daker's Motions for Reconsideration**

Daker has also abused the judicial process through the repeated filing of motions for reconsideration. Despite having been advised often that this Court's Local Rules provide that "[m]otions for reconsideration shall not be filed as a matter of routine practice," LR 7.2E, NDGa., Daker nonetheless has done so and continues to do so in many cases. *See* Appendix A. In support of his post-judgment motions, Daker will frequently file multiple "supplemental" pleadings. *See, e.g.*, 11-CV-1711 [38, 39, 42, 43, 44]. These post-judgment motions have served only to unnecessarily prolong litigation in this Court, and many appear to have been filed, in whole or in part, to extend Daker's time to prepare and file appeals.

### F.   **Daker's Motions to Recuse**

All of Daker's cases in this Court have been assigned to the undersigned, save for one transferred to the Honorable Amy Totenberg when she was first appointed to serve in the Northern District. *See* Appendix A. For more than a decade, from 1999 through 2011, Daker raised no objection to these case assignments. In 2011, however, Daker began to file what have since become routine motions to recuse. *See*

8

10-CV-3815 [20]. Indeed, Daker now frequently files multiple motions to recuse in the same case. *See, e.g., id.* [20, 27, 43, 68].

Although in each subsequent motion to recuse, Daker sometimes adds additional, unsubstantiated accusations, his core "bias" and "conspiracy" claims remain the same. Both this Court and the Eleventh Circuit have thoroughly considered Daker's motions and concluded that recusal is not warranted, as "judicial rulings alone almost never constitute a valid basis for bias." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor is recusal required where "the judge acquired knowledge of relevant facts through prior judicial proceedings." Order dated Oct. 9, 2012, in *Georgia v. Daker*, No. 12-12519 (11th Cir. Oct. 9, 2012) (citing *Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000) (considering Daker's arguments under both 28 U.S.C. §§ 144 and 455). And, "[a] charge of partiality must be supported by some *factual* basis . . . . Recusal cannot be based on unsupported, irrational, or highly tenuous speculation." *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (internal quotation marks and citation omitted) (emphasis in original). Daker's motions to recuse do not meet those standards.[4]

---

[4] Further discussion of the reasons the Court has declined to recuse can be found in the Orders addressing Daker's motions to recuse, including 12-CV-572 [4, 7], 12-CV-119 [10], and 12-CV-118 [10]. That discussion is not repeated here.

## II.    Pending Motions and Objections[5]

With that background in mind, the Court now turns to the ten cases listed in the caption and Daker's many pending filings in them.

### 1.    No. 1:11-CV-1711

Daker has filed a "Motion for Service of Order Denying Certificate of Appealability and Denying *In Forma Pauperis* Status on Appeal; Motion to Extend Time to File Notice of Appeal" [54].  That motion is **DENIED**.

The docket reflects that the February 28, 2014 Order that Daker claims never to have received was mailed to him at the address he had provided to this Court and that it was not returned as undeliverable.  *See* [Unnmbrd Dkt. Entry dated Feb. 28, 2014].  Daker's motion indicates that he learned no later than March 4, 2014, that the February 28 Order had been entered.   [54] at 1.  This was well within the 30-day appeal period.  *See* Fed. R. App. P. 4(a)(1)(A).  No extension of the appeal period was warranted.  *See id.* (a)(5).  Indeed, Daker later filed a notice of appeal in this case that he dated March 30, 2014. [55].

---

[5] In Part II, the CM/ECF numbers in brackets refer to docket entries in the case identified in the numbered paragraph.

### 2.      No. 1:11-CV-3580

Daker's "Motion for Service of Order Denying Certificate of Appealability and

Denying *In Forma Pauperis* Status on Appeal; Motion to Extend Time to File Notice

of Appeal" [50] is **DENIED** for the reasons set forth in the discussion above with

respect to the identical motion in 11-CV-1711.

### 3.      No. 1:12-CV-118

Daker's "Motion to Reconsider Court's 1/16/14 Order" [32] and "Supplemental

Motion to Reconsider Court's 1/16/14 Order" [42] are **DENIED**.  First, the Court's

January 16 Order denied Daker's previous Rule 59(e) Motions to Vacate, and this

Court's Local Rules prohibit motions to reconsider motions to reconsider.  *See* LR

7.2E, NDGa.  Second, the footnote in the January 16 Order that Daker demands be

reconsidered and vacated deals with Daker's "strikes" in prior cases and appeals.  As

discussed above, the Eleventh Circuit, this Court, and the Middle District of Georgia

have all concluded that Daker has accumulated more than three "strikes."  Third,

there are only two grounds for granting a motion for reconsideration under Federal

Rule of Civil Procedure 59(e): "'newly discovered evidence or manifest errors of law

or fact.'"  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2009) (quoting *In re*

*Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).  Here, Daker has neither presented

11

any new evidence, nor identified any manifest error.  Rather, Daker is simply seeking

to "relitigate old matters, raise argument, or present evidence that could have been

raised prior to the entry of judgment," none of which is a basis for relief in a Rule

59(e) motion.  *Michael Linet, Inc. v. Village of Wellington, Fla.* 408 F.3d 757, 763

(11th Cir. 2005).

Daker's "Request for Permission to Proceed *In Forma Pauperis*" on appeal

[38] and "Request for Permission to Proceed *In Forma Pauperis*" on appeal [40] are

**DENIED** because he is ineligible to proceed IFP in new appeals now that he has

accumulated more than three strikes, unless he can show that he is "under imminent

danger of serious physical harm," which he has not attempted to do in this case, and

because, as discussed above, it does not appear that Daker is actually indigent.

### 4.    No. 1:12-CV-119

Daker's "Motion to Reconsider Court's 1/16/14 Order" [32],   "Request for

Permission to Proceed *In Forma Pauperis*" on appeal [37], and "Request for

Permission to Proceed *In Forma Pauperis*" on appeal [38], and "Supplemental

Motion to Reconsider Court's 1/16/2014 Order" [40] are **DENIED** for the reasons set

forth above in the discussion of the identical motions filed in 12-CV-118.

### 5.  No. 1:12-CV-1141

Daker's "Motion for Service of Order Denying Certificate of Appealability and Denying *In Forma Pauperis* Status on Appeal; Motion to Extend Time to File Notice of Appeal" [39] is **DENIED** for the reasons set forth above in the discussion of the identical motion filed in 11-CV-1711.

### 6.  No. 1:12-CV-1319

Daker's "Motion for Service of Order Denying Certificate of Appealability and Denying *In Forma Pauperis* Status on Appeal; Motion to Extend Time to File Notice of Appeal" [34] is **DENIED** for the reasons set forth in the discussion above with respect to 11-CV-1711.

### 7.  No. 1:12-CV-2605

Daker's "Motion for Service of Order Denying Certificate of Appealabilty and Denying *In Forma Pauperis* Status on Appeal; Motion to Extend Time to File Notice of Appeal" [34] is **DENIED** for the reasons set forth in the discussion above with respect to 11-CV-1711.

### 8.  No. 1:12-CV-2782

Daker's "Motion to Extend Time to Object to Magistrate's October 29, 2013 Report and Recommendation" [12] is **GRANTED**.

Daker's "Objection" [13] is **OVERRULED**.

After *de novo* review, *see* 28 U.S.C. § 636(b)(1), the Court **APPROVES AND ADOPTS** the Final Report and Recommendation [9] as the Order of the Court.

Daker's "Motion to Recuse Judge Richard W. Story" [11] and "Motion to Recuse Magistrate Judge E. Clayton Scofield III" [15] are **DENIED**. As discussed above, Daker has repeatedly sought recusal of the undersigned and Magistrate Judge Scofield. This Court and the Eleventh Circuit have thoroughly considered those motions and denied them for the reasons set forth above. Daker's latest motions add nothing that would alter the conclusion that recusal is not warranted.

Daker's "Motion to Reconsider Court's 9/18/2013 Order Denying Plaintiff IFP Status" [16] and "Supplemental Motion to Reconsider 9/18/13 Order Denying Plaintiff IFP Status" [17] are **DENIED**. As discussed above, it is clear that Daker has repeatedly misrepresented his financial status and that he is not indigent.

### 9.   No. 1:13-CV-1554

Daker's "Motion to Reconsider and Vacate Order Denying Motions 3, 4, 5, 6" [9] is **DENIED**.

1c

Daker's "Motion to Extend Time to Pay Filing Fee" [10] is **GRANTED**. The Court notes, however, that the filing fee was not forthcoming from Daker by the date he proposed to pay it. No further extensions of time are warranted.

Daker's "Second Motion to Recuse Judge Richard W. Story" [11] and "Motion to Recuse Magistrate Judge E. Clayton Scofield III" [13] are **DENIED**.

Daker's "Motion to Reconsider Magistrate's 10/31/13 Order Denying *In Forma Pauperis* Status" [14] and "Supplemental Motion to Reconsider is **DENIED**.

Daker's "Objection to Magistrate's 10/31/13 Report & Recommendation" [12] and "Supplemental Objection to Magistrate's 10/31/13 Report and Recommendation" [15] are **OVERRULED**.

After *de novo* review, *see* 28 U.S.C. § 636(b)(1), the Court **APPROVES AND ADOPTS** the Final Report and Recommendation [7] as the Order of the Court.

### 10.  No. 1:13-CV-3053

Daker's "Motion to Extend Time to Object to Magistrate's 12/30/13 Report and Recommendation" [7] is **GRANTED**.

Daker's "Motion to Recuse Judge Richard W. Story" [8], "Second Motion to Recuse Judge Richard W. Story" [9], and "Motion to Recuse Magistrate Judge Scofield [sic] E. Clayton Scofield, III" [10] are **DENIED**.

Daker's "Objection to Magistrate's 12/30/13 Report & Recommendation" [11] and "Supplemental Objection to Magistrate's December 30, 2013 Report and Recommendation" [12] are **OVERRULED**. Indeed, it appears that the Final R&R undercounts the total number of "strikes" that Daker has accumulated in light of *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In that case, the Eleventh Circuit instructed district courts that (1) "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted" and counts as a strike, and (2) "dismissal based on a petitioner's abuse of the judicial process is precisely the type of strike that Congress envisioned," including dismissals for want of prosecution. *Id.* Moreover, "[p]laintiffs are bound by the judgments in their prior cases, and may not dispute their merits in order to challenge a 'three-strikes' determination." *Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012). It is abundantly clear that Daker has accumulated three or more "strikes."

After *de novo* review, *see* 28 U.S.C. § 636(b)(1), the Court **APPROVES AND ADOPTS** the Final Report and Recommendation [5] as the Order of the Court.

16

### III.   **Further Proceedings.**

Once again, Daker is reminded that this Court's Local Rules prohibit the filing of motions for reconsideration as a matter of routine practice and prohibit altogether the filing of "motions to reconsider the court's denial of a prior motion for reconsideration." LR 7.2E, NDGa.

If Daker nonetheless seeks reconsideration of this Order and/or files any new requests to proceed IFP in this Court , he is **ORDERED TO SHOW CAUSE** in those motions or requests why this Court should not exercise its "discretion to deny or revoke th[e] privilege [to proceed IFP] . . . , either retrospectively or prospectively, by looking to 'the number, content, frequency, and disposition of his previous filings.'" *Hurt v. SSA*, 544 F.3d 308, 310 (D.C. Cir. 2008) (quoting *Butler v. DOJ*, 492 F.3d 440, 445 (D.C. Cir. 2007)).

In light of Daker's more than *seventy* prior cases and appeals, it may be appropriate for the Court to now exercise its "more general supervisory authority to manage [its] docket so as to promote[] the interests of justice,'" and to limit the waste of judicial resources by prisoners "'for whom litigation [is] a costless pastime.'" *Butler*, 492 F.3d at 444-45 (quoting *In re McDonald*, 489 U.S. 180, 184 (1989), and *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000)). *See also In*

*re Sindram*, 498 U.S. 177, 180 (1991) (denying IFP status to a frequent filer in an extraordinary writ case and noting that he might be similarly restricted from filing IFP in other cases if he abused the privilege).

**SO ORDERED**, this _5_ day of June, 2014.

RICHARD W. STORY
United States District Judge

| | Caption | Docket Number | Filing Fee Paid | Cause of Action | Principal Final Outcome | Total Docket Entries | Rule 59/60-type motions | Result on Appeal | cert denied |
|---|---|---|---|---|---|---|---|---|---|
| | Cases Opened in the Northern District of Georgia (through June 3, 2014) | | | | | | | | |
| 1 | Daker v. Garner | 1:99-CV-894-RWS | partial | 1983 - civil rights | dismissed; Daker assessed costs | 44 | Yes | | |
| 2 | Daker v. Ray | 1:99-CV-2228-RWS | | 1983 - civil rights | summary judgment for defendants | 194 | Yes | denied - See Daker v. Ray, No. 04-11787 | |
| 3 | Daker v. Williams | 1:99-CV-2262-RWS | | 1983 - civil rights | summary judgment for defendant | 60 | Yes | denied - See Daker v. Whiting, No. 01-14247 | |
| 4 | Daker v. Ray | 1:00-CV-277-RWS | full appeal fee paid | 2241 - habeas | dismissed for failure to state a claim | 44 | | denied - See Daker v. Ray, No. 01-14246 | |
| 5 | Daker v. Barrett | 1:00-CV-1065-RWS | | 1983 - civil rights | Daker won $2 in damages plus $750.10 in costs | 119 | Yes | denied - See Daker v. Barrett, No. 03-155771 | |
| 6 | Daker v. Wetherington | 1:01-CV-3257-RWS | partial | 1983 - civil rights | most claims dismissed; temporary injunctive relief granted on one RLUIPA claim | 297 | Yes | denied - See Daker v. Donald, No. 04-12447 | |
| 7 | Daker v. Ray | 1:02-CV-1361-RWS | | 1983 - civil rights | dismissed (voluntarily) | 42 | | | |
| 8 | Daker v. Ferrero | 1:03-CV-2481-RWS | full appeal fee paid | 1983 - civil rights | jury verdict for defendants; Daker assessed $1,474.16 in costs | 322 | Yes | denied - See Daker v. Ferrero, No. 07-15658 | |
| 9 | Daker v. Ferrero | 1:03-CV-2526-RWS | full fee paid | 1983 - civil rights | summary judgment & costs for defendants | 127 | | | |
| 10 | Daker v. Barrett | 1:04-CV-662-RWS | | 2254 - habeas | stayed | 34 | Yes | denied - See Daker v. Barrett, No. 05-15268 | |
| 11 | Daker v. Barrett | 1:04-CV-1149-RWS | | 1983 - civil rights | dismissed (voluntarily) | 15 | | | |
| 12 | Daker v. Barrett | 1:04-CV-3729-RWS | full appeal fee paid | 2241 - habeas | dismissed for lack of jurisdiction | 54 | | denied - See Daker v. Barrett, No. 07-10909 | |
| 13 | Daker v. GDOC | 1:05-CV-1389-RWS | | 1983 - civil rights | transferred to M.D. Ga. | 5 | Yes | | |
| 14 | Daker v. Benton | 1:05-CV-2751-RWS | | 2254 - habeas | administratively closed | 6 | | | |
| 15 | Daker v. Donald | 1:05-mi-397 | | 1983 - civil rights | converted to 1:06-CV-54-RWS | 2 | | | |
| 16 | Daker v. Barrett | 1:05-mi-398 | | 1983 - civil rights | converted to 1:06-CV-55-RWS | 2 | | | |
| 17 | Daker v. Donald | 1:06-CV-54-RWS | full fee paid | 1983 - civil rights | dismissed (failure to comply / failure to serve) | 24 | | | |
| 18 | Daker v. Barrett | 1:06-CV-55-RWS | full fee paid | 1983 - civil rights | dismissed (voluntarily) | 35 | | | |
| 19 | Daker v. Warren | 1:10-CV-552-RWS | full fee paid | 2241 - habeas | dismissed without prejudice | 29 | Yes | denied - See Daker v. Warren, No. 10-15028 | Yes |
| 20 | Daker v. United States | 1:10-CV-1585-RWS | full fee paid | 2241 - habeas | dismissed (voluntarily) | 7 | | | |
| 21 | Daker v. Warren | 1:10-CV-2084-AT | | 1983 - civil rights | summary judgment for defendants | 184 | Yes | on appeal | |
| 22 | Daker v. Warren | 1:10-CV-3815-RWS | full fee paid | 2241 - habeas | dismissed in part; denied in part | 79 | Yes | denied - See Daker v. Warren, Nos. 12-12820 & 12-13644 | Yes |
| 23 | Daker v. Warren | 1:11-CV-764-RWS | full fee paid | 2241 - habeas | consolidated with 1:10-CV-3815-RWS | 7 | Yes | | |
| 24 | Daker v. Warren | 1:11-CV-1401-RWS | | 2241 - habeas | administratively closed | 4 | | | |
| 25 | Daker v. United States | 1:11-CV-1710-RWS | full fee paid | 2241 - habeas | dismissed (voluntarily) | 11 | | | |
| 26 | Daker v. Warren | 1:11-CV-1711-RWS | full fee paid | 2241 - habeas | dismissed without prejudice | 57 | Yes | on appeal | |
| 27 | Daker v. Warren | 1:11-CV-3580-RWS | full fee paid | 2241 - habeas | dismissed without prejudice | 53 | Yes | on appeal | |
| 28 | Daker v. Robinson | 1:12-CV-118-RWS | | 1983 - civil rights | dismissed without prejudice | 42 | Yes | on appeal | |
| 29 | Daker v. Dawes | 1:12-CV-119-RWS | | 1983 - civil rights | dismissed without prejudice | 40 | Yes | on appeal | |
| 30 | Georgia v. Daker | 1:12-CV-572-RWS | | 1443 - removal | denied | 18 | | denied - See Georgia v. Daker, No. 12-12519 | |
| 31 | Daker v. Warren | 1:12-CV-1141-RWS | full fee paid | 2241 - habeas | dismissed without prejudice | 43 | Yes | on appeal | |
| 32 | Daker v. Warren | 1:12-CV-1291-RWS | | 2241 - habeas | consolidated with 1:10-CV-1141-RWS | 7 | | | |
| 33 | Daker v. Unnamed Defend | 1:12-CV-1319-RWS | | 2241 - habeas | dismissed without prejudice | 37 | Yes | on appeal | |
| 34 | Daker v. Warren | 1:12-CV-2605-RWS | | 2241 - habeas | dismissed without prejudice | 37 | Yes | on appeal | |
| 35 | Daker v. Dawes | 1:12-CV-2782-RWS | | 1983 - civil rights | pending | 18 | Yes | | |
| 36 | Daker v. Humphrey | 1:13-CV-1554-RWS | | 1983 - civil rights | pending | 17 | Yes | | |
| 37 | Daker v. Warren | 1:13-CV-3053-RWS | | 1983 - civil rights | pending | 13 | | | |

| Caption | Docket Number | Filing Fee Paid | Cause of Action | Principal Final Outcome | Total Docket Entries | Rule 59/60-type motions | Result on Appeal | cert denied |
|---|---|---|---|---|---|---|---|---|
| **Cases Opened in the Middle District of Georgia (through June 3, 2014)** | | | | | | | | |
| 1 Azlyz v. Tremble | 5:03-CV-412 | | 1983 - civil rights | intervention request denied | 107 | Yes | denied - See Daker v.Tremble , No. 05-11696 & voluntarily dismissed - See Daker v. Tremble, No. 05-13697 | |
| 2 Daker v. Donald | 5:04-CV-337 | | 1983 - civil rights | dismissed (voluntarily) | 45 | | | |
| 3 Daker v. Donald | 5:04-CV-392 | | 1983 - civil rights | dismissed (voluntarily) | · 29 | | | |
| 4 Daker v. GDOC | 5:05-CV-205 | | 1983 - civil rights | dismissed (voluntarily) | 15 | | | |
| 5 Daker v. Owens | 5:12-CV-459 | IFP denied | 1983 - civil rights | dismissed pursuant to Section 1915(g) | 160 | Yes | dismissed - See Daker v. Comm'r, No. 13-13398 & Daker v. Comm'r, No. 14-11571; see also Daker v. Comm'r, No. 14-12139 | |
| 6 Daker v. Humphrey | 5:12-CV-461 · | | 2241 - habeas | dismissed | 12 | Yes | | |
| 7 Daker v. Head | 5:14-CV-138 | IFP denied | 1983 - civil rights | dismissed pursuant to Section 1915(g) | 7 | Yes | | |
| **Cases Opened in the Southern District of Georgia (through June 3, 2014)** | | | | | | | | |
| 1 Daker v. Head | 6:14-CV-47 | | 1983 - civil rights | pending | 2 | | | |
| **Cases Opened in the Central District of California (through June 3, 2014)** | | | | | | | | |
| 1 Daker v. Mokwa | 2:14-CV-395 | IFP denied | 1331 - diversity | dismissed with prejudice (frivolous/malicious) | 9 | Yes | on appeal | |
| **Appeals and Original Actions Opened in the Eleventh Circuit (through June 3, 2014)** | | | | | | | | |
| 1 Daker v. Warren | 10-15028 | IFP denied | | dismissed | | Yes | | Yes |
| 2 In re: Daker | 11-11937 | IFP denied | | dismissed as fivolous | | Yes | | |
| 3 In re: Daker | 12-12072 | IFP denied | | mandamus petition dismissed as frivolous | | Yes | | |
| 4 In re: Daker | 12-12073 | IFP denied | | dismissed for want of prosecution | | Yes | | |
| 5 In re: Daker | 12-12074 | IFP denied | | dismissed (voluntarily) | | Yes | | |
| 6 Georgia v. Daker | 12-12519 | IFP denied | | dismissed for want of prosecution | | | | |
| 7 Daker v. Warren | 12-12820 | IFP denied | | dismissed | | | | Yes |
| 8 Daker v. Sheriff | 12-13644 | IFP denied | | dismissed | | | | Yes |
| 9 In re: Daker | 12-14369 | IFP denied | | mandamus petition dismissed as frivolous | | | | |
| 10 Daker v. Warren | 13-11630 | | | dismissed as frivolous | | Yes | | |
| 11 Daker v. Comm'r | 13-13398 | | | dismissed for want of prosecution | | | | |
| 12 Daker v. Warren | 13-14446 | | | pending | | | | |
| 13 Daker v. Robinson | 13-14873 | | | pending (consolidated with 13-14878) | | | | |
| 14 Daker v. Dawes | 13-14878 | | | pending (consolidated with 13-14873) | | | | |
| 15 Daker v. Warren | 13-15932 | | | pending | | | | |
| 16 Daker v. Warren | 13-15936 | | | pending | | | | |
| 17 Daker v. Warren | 13-15938 | | | pending | | | | |
| 18 Daker v. Sheriff | 13-15939 | | | pending | | | | |
| 19 Daker v. Unnamed | 13-15941 | | | pending | | | | |
| 20 Daker v. Sheriff | 14-10096 | | | pending | | | | |
| 21 Daker v. Robinson | 14-10779 | | | dismissed | | | | |
| 22 Daker v. Dawes | 14-10780 | | | dismissed | | | | |
| 23 Daker v. Comm'r | 14-11571 | "three strikes" noted | | dismissed for want of prosecution | | | | |
| 24 Daker v. Comm'r | 14-12139 | "three strikes" noted | | pending | | | | |
| **Appeals Filed in the Ninth Circuit (through June 3, 2014)** | | | | | | | | |
| 1 Daker v. Mokwa | 14-55653 | IFP denied | | pending | | | | |



Tax Assessor's Office

APPENDIX B

I Want To...   Tax Assessor



Property Detail

| Go Back | Comparable Sales | Property Report |

**GIS Map**



## General Info

| | Property ID | R7056 404 |
|---|---|---|
| DAKER WASEEM | Alternate ID | 33237684 |
| 1888 AUSTINS POINTE DR | Address | 1888 AUSTINS POINTE DR |
| LAWRENCEVILLE GA 30043-3952 | Property Class | Residential SFR |
| | Neighborhood | 7326 |
| | Deed Acres | 0.4400 |

## Value History

| Year | 2014 | 2013 | 2012 | 2011 | 2010 | 2009 | 2007 | 2006 |
|---|---|---|---|---|---|---|---|---|
| Reason | Notice of Current Assessment | Notice of Current Assessment | Notice of Current Assessment | Notice of Current Assessment | Adjusted for Market Conditions | Land & Bld Value Adj For Mkt | Bld Added, Updated or Razed | New Parcel |
| Land Val | $70,000 | $70,000 | $70,000 | $70,000 | $70,000 | $90,000 | $92,000 | $82,800 |
| Imp Val | $328,100 | $328,100 | $328,100 | $328,100 | $328,100 | $374,900 | $470,600 | $0 |
| Total Appr | $398,100 | $398,100 | $398,100 | $398,100 | $398,100 | $464,900 | $562,600 | $82,800 |
| Land Assd | $28,000 | $28,000 | $28,000 | $28,000 | $28,000 | $36,000 | $36,800 | $33,120 |
| Land Use | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Imp Assd | $131,240 | $131,240 | $131,240 | $131,240 | $131,240 | $149,960 | $188,240 | $0 |
| Total Assd | $159,240 | $159,240 | $159,240 | $159,240 | $159,240 | $185,960 | $225,040 | $33,120 |

## Transfer History

| Book | Page | Date | Owner | Grantee | Deed | Type | Vacant Land | Sale Price |
|---|---|---|---|---|---|---|---|---|
| 49774 | 852 | 10/26/2009 | WELLS FARGO BANK NATIONAL ASSOCIATIO | DAKER WASEEM | WD | NI | No | $394,900 |
| 49517 | 886 | 5/5/2009 | CHARLES MARIE MICHELLE | WELLS FARGO BANK NATIONAL ASSOCIATIO | WD | NG | No | $277,533 |
| 47039 | 259 | 9/18/2006 | BAINBRIDGE HOMES LLC | CHARLES MARIE MICHELLE | WD | QY | No | $579,429 |
| 43219 | 242 | 12/31/2005 | TULLIS DEVELOPMENTS INC | BAINBRIDGE HOMES LLC | WD | N1 | No | $926,100 |

R02

Scale: 10 ft



| Attributes | Floor Areas | Exterior Features |

| Story | Attribute | Detail |
|---|---|---|
| | Type | 2 Story Conventional |
| | Occupancy | Single family |
| | Roof Structure | Gable-Hip |
| | Roof Cover | Comp sh 240-260# |
| | Heating | Forced hot air |
| | A/C | Central air |
| | Stories | 2.0 |



| | | | |
|---|---|---|---|
| | Bathrooms | 4 | |
| | Bathrooms (Half) | 1 | |
| | Feature | Fireplace | |
| | Feature | Fireplace | |
| 1 | Exterior Wall | Brick | |
| 1 | Interior Flooring | Base Allowance | |
| 1.5 | Exterior Wall | Brick | |
| 1.5 | Interior Flooring | Base Allowance | |
| 2 | Exterior Wall | Brick | |
| 2 | Interior Flooring | Base Allowance | |

| | |
|---|---|
| Address | 1888 AUSTINS POINTE DR |
| Type | 2 Story Conventional |
| Grade | B |
| Year Built | 2005 |
| Value | $328,100 |

## Improvements

Improvements do not exist for this account.

## Land Details

| Primary Use | Land Type | Acres | Eff. Frontage | Eff. Depth |
|---|---|---|---|---|
| | R01 - Primary Site | 0.44 | 0 | 0 |

## Legal Description

| Line | Description |
|---|---|
| 1 | L6 BA AUSTINS POINTE |

Terms Of Use Privacy Statement Copyright 2014 by Gwinnett County Assessor's Office

## Tax Account

| Parcel ID | Property Type | Status |
|---|---|---|
| R7056 404 | Real Property | Active |

| | |
|---|---|
| Mailing Address:<br>DAKER WASEEM<br>1888 AUSTINS POINTE DR<br>LAWRENCEVILLE , GA 30043-3952<br>Tax District<br>COUNTY Unincorporated | Situs:<br>1888 AUSTINS POINTE DR |

| Legal Description |
|---|
| L6 BA AUSTINS POINTE |

## Tax Values

| Class Codes | 101-Residential SFR | |
|---|---|---|
| Description | Market Value | Assessed Value |
| Land | $70,000.00 | $28,000.00 |
| Improvement | $328,100.00 | $131,240.00 |
| Total | $398,100.00 | $159,240.00 |

## Assessments

| Operation | Net Tax | Savings |
|---|---|---|
| County Unincorporated Taxes | $2,151.34 | $0.00 |
| School Taxes | $3,152.95 | $0.00 |
| STATE OF GEORGIA TAXES | $23.89 | $0.00 |
| Sub Total | $5,328.18 | $0.00 |
| Bond | Net Tax | Savings |
| County Unincorporated Taxes | $38.22 | $0.00 |
| School Taxes | $326.44 | $0.00 |
| Sub Total | $364.66 | $0.00 |
| Special Assessment | Net Tax | Savings |
| Res Underground Street Lights | $39.50 | $0.00 |
| Stormwater Service Fee | $125.46 | $0.00 |
| Solid Waste Service Fee | $226.56 | $0.00 |
| Sub Total | $391.52 | $0.00 |
| Total Tax | $6,084.36 | $0.00 |

Note: You may click on the individual Authorities to view a detailed breakdown.

## Tax Installment Information

| Period | Bill Number | Due Date | Tax Year | Tax | Penalty/Fee | Interest | Total Due |
|---|---|---|---|---|---|---|---|
| INST 1 | 21949900 | 10/3/2013 | 2013 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total Due:** | | | | $0.00 | $0.00 | $0.00 | $0.00 |

## Payment History

| Tax Year | Bill Number | Receipt Number | Amount Paid | Last Paid |
|---|---|---|---|---|
| 2013 | 21949900 | B13.51479 | $6,084.36 | 9/14/2013 |